Submitted on record and briefs April 19,
affirmed May 29,reconsideration denied June 12,
petition for review denied July 24, 1979
287 Or 149

# WRIGHT, *Appellant,*
## *v.*
# LANE COUNTY, *Respondent.*
## (No. 77-6907, CA 13013)
### 595 P2d 835

Robert J. Wright, Appellant, filed a brief pro se.

Randall Bryson, Bryson & Bryson and Calkins & Calkins, Eugene, filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

## TANZER, J.

Plaintiff sought a judgment declaring that Lane County was required to widen Hale Road, on which the plaintiff lives, to conform to the specifications set out in the Lane County Manual. Both parties moved for summary judgment and the court granted the defendant's motion. Plaintiff appeals.

■ Plaintiff's first assignment of error is that the trial court should have determined that the Lane Manual, section 15.205 *et seq.*, required Lane County to reconstruct Hale Road in conformance with the manual's specifications. Plaintiff's claim is frivolous for at least three reasons. First, the Lane Manual applies only to dedicated public roads and its language looks to prospective application.[1] Plaintiff made no showing that Hale Road is a dedicated road. Second, assuming arguendo that Hale Road is a dedicated road, plaintiff still runs afoul of the language indicating prospective application. Hale Road became a county road in 1916. The Lane Manual was adopted in 1963. Third, the decision to modify existing facilities to conform to new standards is discretionary in that it involves "public policy considerations such as the availability of funds, public acceptance and order of priorities." *Morris v. Oregon State Transp. Comm.*, 38 Or App 331, 336-37, 590 P2d 260 (1979). Courts will not compel performance of a discretionary function. *Highland v. City of Eugene*, 179 Or 567, 574, 173 P2d 464 (1946).

■ Plaintiff's fallback position is something he incorrectly refers to as a second assignment of error: if he does not prevail on his first assignment of error, he

---

[1] Lane Manual, § 15.210 provides:

"The following procedures and requirements are established for the purpose of delineating a uniform policy in Lane County for the acceptance of dedicated public roads for maintenance and coverting to County road status. It is intended that this policy will clarify and set the requirements and responsibilities of the individuals, public bodies and departments involved in the acceptance of dedicated public roads. In addition it provides the public with an outline of the required process for the acceptance of dedicated public roads for maintenance and conversion to County road status."

urges this court to determine that the 1916 order of the County Court for Lane County (by which Hale Road became a county road) specifies the width of the road rather than the width of the right-of-way. Because plaintiff's fourth amended complaint makes no mention of the order, it is not competent to raise the issue and we cannot consider it. *Bruckman v. Breitenbush Hot Springs, Inc.*, 272 Or 1, 534 P2d 971 (1975).

Affirmed.